THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) No. 14-CR-30145-DRH |
| PAMELA DENISE ROBTOY, | ) |
| Defendant. | ) |

## DEFENDANT'S AGREEMENT TO PLEAD GUILTY

Pursuant to Rule 11 of Federal Rules of Criminal Procedure, the attorney for the Government has been informed by the attorney for the Defendant that the defendant contemplates the entry of an open plea of guilty in this cause.

The terms of this Plea are as follows:

### I.

1. Defendant acknowledges that she has been advised of and does fully understand the following:

> (a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
>
> (b) that she has the right to plead not guilty or to persist in that plea if it has already been made, and she has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself; and
>
> (c) that if she pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, she waives the right to a trial; and
>
> (d) that if she pleads guilty, the Court may ask her questions about the offense to which she has pleaded, and if she answers these questions under oath, on the

1

record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or false statement; and

(e) that if she pleads guilty, she will waive her right to persist in her plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against her at trial; and

(f) that if she pleads, she is pleading guilty to a felony <u>punishable</u> by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), she will be forbidden by federal firearms laws from possessing any type of firearm in her lifetime, unless she obtains relief pursuant to 18 U.S.C. § 925, or other appropriate <u>federal</u> statute.

2. Defendant acknowledges that this Agreement to Plead Guilty and Stipulation of Facts constitutes the entire agreement and that no promises, inducements or representations, other than those specifically set forth in this Agreement to Plead Guilty and Stipulation of Facts, were made to induce her to enter into this Agreement to Plead Guilty.

3. It is further understood that this agreement is limited to the Southern District of Illinois, and nothing herein is intended to bind other federal, state or local prosecuting authorities. <u>It is further understood that this Agreement to Plead Guilty does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant.</u>

4. Defendant understands that these offenses are subject to Title 28, United States Code, Section 994(a). Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

5. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant

understands that she will be ordered to pay the full amount of the special assessment prior to or at the time of sentencing.

6. Defendant understands that the Court must impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts pertaining to the fiscal year 2012, are, for imprisonment: $2,412.33 per month; for community confinement: $2,244.17 per month; and for supervision: $278.95 per month. The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office and the Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

8. The Defendant understands that if she commits any offense in violation of federal, state, or local law while on release in this case or violates any other conditions of release, the Government may request revocation of the Defendant's bond and forfeiture of any bail and may file additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw her plea.

9. The Defendant states that she has read this agreement and has discussed it with her attorney, and understands it.

## II.

1. The Defendant states that she is actually guilty of and will enter a plea of guilty to Counts 1 and 2 of the three-count Indictment charging:

| Counts | Charge | Maximum Penalties |
|---|---|---|
| 1 | **Mail Fraud,** in violation of Title 18 U.S.C. § 1341 | 20 years imprisonment, 3 years supervised release, $250,000 fine, $100 special assessment, mandatory restitution. |
| 2 | **Wire Fraud,** in violation of Title 18 U.S.C. § 1343 | 20 years imprisonment, 3 years supervised release, $250,000 fine, $100 special assessment, mandatory restitution. |

**The Government agrees to move to dismiss Count 3 at sentencing.**

2. The Government and the Defendant agree that the following constitute the essential elements of the offenses:

| Counts | Charge | Essential Elements |
|---|---|---|
| 1 | **Mail Fraud,** in violation of Title 18 U.S.C. § 1341 | First, that the defendant knowingly devised or participated in the scheme to defraud or][to obtain money or property by means of false pretenses, representations or promises, as described in Count 1 of the indictment;<br>Second, that the defendant did so knowingly and with the intent to defraud; and<br>Third, that for the purpose of carrying out the scheme or attempting to do so, the defendant used or caused the use of the United States Mails in the manner charged in the particular count. |

| | | |
|---|---|---|
| 2 | **Wire Fraud,** in violation of Title 18 U.S.C. § 1343 | 1. That the defendant knowingly devised or participated in a scheme to defraud, as described in Count 2; and<br>2. That the defendant did so with the intent to defraud; and<br>3. The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and<br>4. That for the purpose of carrying out the scheme or attempting to do so, the defendant caused the use of interstate wire communications to take place in the manner charged in Count 2. Wire transfer of funds, constitutes transmission by means of wire communication. |

The Defendant agrees and admits that her conduct violated these essential elements of the offenses.

3. The Defendant understands that she is entering an "open plea" whereby the Government has not agreed to recommend any particular sentence or guideline range and may in fact recommend that the defendant be sentenced to any sentence of incarceration, supervised release, fine, and/or restitution, up to and including the maximum allowed by law.

| Summary of Government's Anticipated Advisory Sentencing Guideline Calculations | | |
|---|---|---|
| **Counts 1 and 2: Mail and Wire Fraud** | | |
| § 2B1.1 – Larceny and Embezzlement | Base offense level | +7 |
| § 2B1.1(b)(1)(C) | Loss of more than $10,000 but not more than $30,000 | +4 |
| § 2B1.1(b)(9) | Charitable misrepresentation | +2 |
| | | |
| **Adjusted offense level** | | 13 |
| § 3E1.1(a) | Acceptance of Responsibility | -2 |
| | Total offense level | 11 |
| | Criminal history | I |
| | Advisory range | 8 - 14 months |
| § 5E1.2 | Fine range | $2,000 to $20,000 |
| § 5E1.1(a) | Restitution | $ 18,293.83 |

4.  The Government submits to the Court that under the Sentencing Guidelines, after all facts have been considered, Defendant will have an Offense Level of eleven [11] and a Criminal History of I, whereby the sentencing range is eight to fourteen [8 - 14] months. The Government further submits to the Court that the Defendant's fine range will be $2,000 to $20,000 according to U.S.S.G. § 5E1.2. The Government and Defendant understand that this provision is not binding on the Court and constitutes the Government's good faith effort to inform the Court of the applicable sentencing range and that the Court ultimately will determine

the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of the guideline range found or the sentence imposed by the Court, she will not be permitted to withdraw her plea. The Government specifically reserves the right to argue for and present testimony in support of or in opposition to the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

5. The Government anticipates that the initial Offense Level in this case will be a base offense level of seven [7] pursuant to U.S.S.G. § 2B1.1 and a four [4] level increase, pursuant to § 2B1.1(b)(1)(C) due to a loss of more than $10,000 but not more than $30,000 for an adjusted offense level of eleven [11].

6. The Government further anticipates that there will be an upward adjustment of two [2] levels in that the offense conduct involved a misrepresentation that the defendant was acting on behalf of a charitable organization.

7. The United States anticipates that by pleading guilty the Defendant will be entitled to a reduction of two levels for demonstrating an acceptance of personal responsibility for her criminal conduct. *See* U.S.S.G. § 3E1.1(a). Thereby the anticipated offense level is reduced from an offense level thirteen [13] to an offense level eleven [11]. *See* U.S.S.G. § 3E1.1.

*A reduction for acceptance of responsibility is dependent on the Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying relevant conduct or committing any acts constituting obstruction of justice.*

10. The Government submits to the Court that it appears that the Defendant has amassed no (0) Criminal History points and that her Sentencing Guideline Criminal History Category is I. This calculation is based upon the following information: [NONE]

<u>Defendant expressly recognizes that this calculation is not binding on the Government or the Court and that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties and any evidence submitted prior to sentencing. Defendant recognizes that, regardless of the Criminal History found by the Court, she will not be able to withdraw her plea.</u>

11. The Defendant understands that the Government will not recommend the imposition of a fine given the amount of mandatory restitution.

12. Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report in this matter. Said cooperation will include signing all releases, as requested.

### III.

1. The Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial. The Defendant is fully satisfied with the representation received from defense counsel. The Defendant acknowledges that the Government has provided complete discovery compliance in this case. The Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses and defense witnesses with defense counsel. Defendant's

attorney has completely and satisfactorily explored all areas which the Defendant has requested relative to the Government's case and possible defenses.

2.      The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack.  However, in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives the right to contest any aspect of the conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.  The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.

3.      Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to:  1) claims of ineffective assistance of counsel; 2) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein; and 3) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10).  The Government reserves the right to oppose such claims for relief.

4. Defendant's waiver of appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

5. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

6. Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

STEPHEN R. WIGGINTON
United States Attorney

_____
PAMELA DENISE ROBTOY
Defendant

_____
NORMAN R. SMITH
Assistant United States Attorney

_____
MICHAEL S. GHIDINA
Attorney for Defendant

Date: 5/13/2015

Date: 5/13/2015

10